Case: 4:22-cr-00491-RWS Doc. #: 4 Filed: 09/07/22 Page: 1 of 3 PageID #: 16

FILED
SEP 7 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 4:22CR491 RWS/PLC |
| KALON ALEXANDER, | ) ) |
| Defendant. | ) ) |

### MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Ricardo Dixon, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Grounds for Detention

1.  The defendant is charged in Counts I, and II, with offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). *See* 18 U.S.C. § 3142(f)(1)(C).

### Presumption of Detention

2.  Subject to rebuttal by Defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community if the court finds that there is probable cause to believe that Defendant

committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). The Defendant is charged in Count I, and II, with offenses for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) *See* 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C). The United States asserts that there are no conditions or combination of conditions which will reasonably assure the appearance of the Defendant as required, and the safety of any other person and the community.

### The Nature and Circumstances of the Offense

3.  Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense involves a controlled substance or a firearm. Because the offenses for which the Defendant is charged involve a controlled substance, the first of the § 3142(g) factors weighs in favor of detention.

### The Weight of the Evidence Against the Defendant

4.  Section 3142(g)(2) requires this Court to consider the weight of the evidence against the Defendant. The government submits that the evidence against the Defendant is strong, and therefore weighs in favor of detention.

### The History and Characteristics of the Defendant

5.  Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

6.  The United States is aware that defendant is currently serving a state term of imprisonment after being convicted of Trafficking Drugs in the 2nd Degree, Unlawful Possession

of a Firearm, Tampering With a Motor Vehicle in the First Degree, and Resisting Arrest for Felony.

7. The United States asserts that the defendant's most recent conviction, and other prior convictions that may be confirmed at a later date, reveal defendant's risk of flight and danger to the community.

### The Nature and Seriousness of the Danger to the Community

8. The Defendant was found to possess and distribute fentanyl, an extremely dangerous and deadly narcotic.

9. The safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

10. As mentioned *supra,* the Government asserts that defendant is a flight risk as shown by his most recent criminal conviction.

### Conclusion

11. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh in favor of detention. There is a presumption of detention and there is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Additionally, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure the Defendant's appearance in court.

Respectfully submitted,

Sayler A. Fleming
United States Attorney

*/s/ Ricardo Dixon*
Ricardo Dixon
Assistant United States Attorney